**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TODD BEBOUT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:10-cv-1322-SEB-TAB |
| | ) | |
| DR. LORENZO ELI and DR. ELTON AMOS, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's motion to withdraw [16] is **denied as unnecessary.**

2. The amended complaint [17] is effective as the operative pleading setting forth the plaintiff's claims.

3. In consequence of the foregoing:

a. **John Dallas** has been added as a defendant.

b. The amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b), as was the original complaint. John Dallas is sued as a "representative" of Correctional Medical Services and apparently because of a letter he wrote to the plaintiff on October 9, 2009. That letter acknowledges the plaintiff's concern with medical care, recites what recent medical visits the plaintiff had in then-recent weeks, recites that he has a follow-up appointment with Dr. Amos "in the near future," and extolls the plaintiff to follow medical care as instructed and to present additional concerns with a physician. This report did not deprive the plaintiff of constitutionally adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)(in order for an inmate to state a claim for medical mistreatment or denial of medical care, the prisoner must

allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs"); *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted).

    c.    The claim against John Dallas is therefore dismissed because it fails to state a plausible claim, which consists of a plaintiff pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

    d.    No partial final judgment shall issue at this time as to the claim resolved in this Entry.

4.    Although the plaintiff has tendered additional process for defendant Dallas, it shall not be issued because the claim against this defendant has been dismissed.

5.    The plaintiff's motion for appointment of counsel has been considered. Litigants requesting that counsel be recruited must show as a threshold matter that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). The plaintiff's motion refers to contact with a single law firm and with an organization unable to provide representation. This is not a reasonable effort, particularly now that an amended complaint has been filed. Accordingly, the plaintiff's motion for the appointment of counsel [18] is **denied.**

**IT IS SO ORDERED.**

Date: 05/18/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Todd Bebout
DOC #111624
JCH-16-2F
Pendleton Correctional Facility
4490 Reformatory Road
Pendleton, IN 46064

Dr. Lorenzo Eli
Muncie Spine & Rehab Ctr
822 W. White River Blvd.
Muncie, IN 47303

Dr. Elton Amos
5717 S. Anthony Blvd.
Fort Wayne, IN 46806